UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DEBORAH STAMPFLI, | No. 2:20-cv-01566-WBS-DMC |
| Plaintiff, | |
| v. | ORDER |
| SUSANVILLE SANITARY DISTRICT, a political subdivision of the State of California; STEVE J. STUMP, in his individual and official capacities; ERNIE PETERS, in his individual and official capacities; DAVID FRENCH, in his individual and official capacities; KIM ERB, in his individual and official capacities; MARTY HEATH, in his individual and official capacities; DOES I-V, inclusive, BLACK & WHITE CORPORATIONS I-V; and ABLE & BAKER COMPANIES, inclusive, | |
| Defendants. | |

----oo0oo----

Defendant Steve J. Stump moved for summary judgment in this action and noticed the motion to be heard on May 2, 2022.

1

1  (Docket No. 72.)  In her opposition, plaintiff requested
2  additional discovery pursuant to Federal Rule of Civil Procedure
3  56(d).  (Docket No. 81.)
4         Rule 56(d) provides:
5     If a nonmovant shows by affidavit or declaration that,
      for specified reasons, it cannot present facts
6     essential to justify its opposition, the court may:
7     (1) defer considering the motion or deny it;
8     (2) allow time to obtain affidavits or declarations or
          to take discovery; or
9     (3) issue any other appropriate order.
10 Fed. R. Civ. P. 56(d).  Although the opposition explains many of
11 the reasons why plaintiff cannot present facts essential to
12 justify her opposition, in his reply, Stump challenged
13 plaintiff's request primarily because it was not submitted via
14 "affidavit or declaration" as stated in Rule 56(d).  (Docket No.
15 83.)
16        In response, plaintiff moved for leave to supplement
17 her opposition with a declaration from her counsel in order to
18 comply fully with Rule 56(d).  (Docket No. 85.)  She also sought
19 to provide a declaration from Randy O'Hern, former General
20 manager of Susanville Sanitary District.  (Id.)
21        At the beginning of the May 2 hearing on Stump's
22 motion, before any argument had occurred, counsel for Stump
23 objected to plaintiff's motion for leave to supplement her
24 opposition.  He did so on the grounds that, pursuant to Local
25 Rule 230(m), "no additional memoranda, papers, or other materials
26 may be filed" after a reply "without prior Court approval," and
27 plaintiff had not obtained such approval.  E.D. Cal. Loc. R.
28 230(m).  Nor, counsel argued, did either of two exceptions within

1  that rule apply.  See id. at 230(m)(1)-(2) (allowing, after the
2  reply and without leave of court, the filing of (1) objections to
3  "new evidence . . . submitted with the reply brief" or (2) "a
4  notice of supplemental authority to bring the Court's attention"
5  to a new "relevant judicial opinion").

6  　　　　As explained at the hearing, the court does not deem it
7  appropriate to reject plaintiff's request for discovery based
8  upon a technicality.  Accordingly, pursuant to Local Rule 230(m),
9  plaintiff's motion for leave to file the requested supplements to
10 her opposition (Docket No. 85) is hereby GRANTED.

11 　　　　No later than May 9, 2022, plaintiff shall file a
12 declaration from counsel that complies with Rule 56(d).  That
13 declaration shall contain a list detailing the specific discovery
14 plaintiff seeks at this stage, including the names of any
15 individuals plaintiff seeks to depose and any other discovery
16 plaintiff believes is necessary to respond to defendant's motion.
17 For each item on that list, the declaration shall include an
18 explanation of why the requested discovery is material to the
19 court's determination of qualified immunity, which is the basis
20 of Stump's motion for summary judgment.  Plaintiff may also re-
21 file the O'Hern declaration concurrently with the new declaration
22 from plaintiff's counsel.

23 　　　　No later than May 16, 2022, defendant Stump may provide
24 briefing to the court addressing whether plaintiff's request for
25 discovery should be granted and responding to the O'Hern
26 declaration.

27 　　　　A hearing on plaintiff's request for discovery is
28 HEREBY SET for May 31, 2022, at 1:30 P.M. via videoconference.

Following that hearing, a hearing on Stump's motion for summary judgment will be reset, accounting for the time needed to take discovery, if such discovery is ordered.

IT IS SO ORDERED.

Dated: May 4, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE