UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DEBORAH STAMPFLI, an individual,

             Plaintiff,

    v.

SUSANVILLE SANITARY DISTRICT, a
political subdivision of the
State of California; STEVE J.
STUMP, in his individual and
official capacities; JOHN
MURRAY, in his individual and
official capacities; ERNIE
PETERS, in his individual and
official capacities; DAVID
FRENCH, in his individual and
official capacities; KIM ERB, in
his individual and official
capacities; MARTY HEATH, in his
individual and official
capacities; DOES I-V, inclusive;
BLACK & WHITE CORPORATIONS I-V;
and ABLE & BAKER COMPANIES,
inclusive,

             Defendants.

No. 2:20-cv-01566 WBS DMC

ORDER RE: PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES[1]

---

[1]    The motion is decided on the papers without oral argument pursuant to Local Rule 230(g).  The scheduled January 6, 2025 hearing on the motion is hereby VACATED.

1

----ooOoo----

On May 16, 2024, the Ninth Circuit affirmed this court's order, which denied qualified immunity to defendant Steve Stump and granted plaintiff's request for partial summary judgment. (Docket No. 136.) The Ninth Circuit also granted plaintiff's request for attorney's fees incurred on appeal, but denied her request for attorney's fees incurred in the district court without prejudice to seeking those fees before this court. (Docket No. 152.) Plaintiff now requests both the attorney's fees incurred on appeal and those incurred in the district court up to this point in the litigation. (Docket No. 154.)

I.   District Court Fees

It is premature to address attorney's fees incurred in the district court as the dispositive motion deadline has not even passed, nor has there been a final disposition on the merits. The motion appears to presume that plaintiff is a prevailing party. However, neither this court nor the Ninth Circuit has determined that plaintiff is a prevailing party for purposes of attorney's fees in the district court.

This court's order, which was affirmed by the Ninth Circuit, did not grant summary judgment in favor of plaintiff on the procedural due process claim; rather, the order granted partial summary judgment, concluding only that plaintiff was not an at-will employee and had procedural due process protections. (Docket No. 113.) This limited finding did not "[alter] the legal relationship of the parties" and certainly does not constitute a "judgment on the merits" entitling plaintiff to attorney's fees. See Buckhannon Bd. & Care Home, Inc. v. W.

1  <u>Virginia Dep't of Health & Hum. Res.</u>, 532 U.S. 598, 605 (2001).

2         Because plaintiff has not acquired prevailing party

3  status, the request for fees incurred in the district court will

4  be denied.  Plaintiff may renew her request for district court

5  fees at the appropriate time if and when the issue of attorneys'

6  fees in this court becomes ripe.

7  II.  <u>Ninth Circuit Fees</u>

8         The fees incurred on appeal are appropriate to address

9  at this stage given the Ninth Circuit's order, which instructed

10  this court to determine the reasonable amount of plaintiff's

11  attorneys' fees incurred on appeal.  (Docket No. 152.)  However,

12  this issue is separate from the issue of district court fees

13  discussed above.  Prevailing party status on appeal is based on

14  the relative success of the appellate litigation, <u>see</u> <u>Corder v.</u>

15  <u>Gates</u>, 104 F.3d 247, 248-50 (9th Cir. 1996), while prevailing

16  party status in the district court depends on whether relief on

17  the merits has been awarded, <u>see</u> <u>Buckhannon</u>, 532 U.S. at 605.

18         While plaintiff has not achieved prevailing party

19  status at the district court level, she was the prevailing party

20  on appeal.  Accordingly, the only attorneys' fees she is entitled

21  to at this juncture are fees incurred in defending defendants'

22  appeal before the Ninth Circuit.  Yet plaintiff's motion

23  commingles the requests for fees incurred in both courts.  The

24  billing records provided fail to differentiate between hours

25  incurred in the district court, hours incurred in the appellate

26  court, and hours incurred in preparing the fees motion.  It is

27  not up to the court to scrutinize plaintiff's billing records

28  line by line in an attempt to discern which items are relevant to

1    the request for appellate fees.

2         Accordingly, the request for fees incurred on appeal

3    will be denied without prejudice.  Plaintiff may file a new

4    request for attorney's fees incurred on appeal that provides

5    argument and documentation addressing only the appellate fees.

6         IT IS THEREFORE ORDERED that plaintiff's motion for

7    attorney's fees (Docket No. 154) be, and the same hereby is,

8    DENIED WITHOUT PREJUDICE.

9    Dated:   December 17, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4